### Lee Mumphreys v. The State.

No. 4018. Decided June 9, 1909.

Rehearing denied October 13, 1909.

**1.—Murder—Continuance—Impeaching Testimony.**

Where, upon trial for murder, defendant's first application for continuance showed that the absent witness was his wife, and that her testimony was sought to impeach a State's witness, and was of the same nature as other testimony admitted on the trial, there was no error in overruling the motion.

2.—Same—Charge of Court—Reasonable Doubt.

Where, upon trial for murder, the court fully charged the law of self-defense, reasonable doubt and the presumption of innocence, there was no error on the ground that the court did not expressly instruct on reasonable doubt.

Appeal from the District Court of Gregg.    Tried below before the Hon. W. C. Buford.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Hanson* and *E. M. Bramlett,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for murder in the second degree, the punishment being assessed at five years confinement in the penitentiary.

The evidence discloses the issues of murder, manslaughter and self-defense, all of which were submitted by the court to the consideration of the jury.

Error is assigned on the action of the court overruling appellant's first application for a continuance. He sought this for the testimony of his wife. The only question involved in refusing the continuance is whether or not it should have been granted to secure his wife's testimony for the purpose of impeaching a State's witness. As a rule, continuances will not be granted to secure impeaching testimony. See White's Annotated Code of Criminal Procedure, p. 398, sec. 612, for collated authorities. The witness whom appellant proposed to contradict was rather cogently impeached by her own sworn statements made before the justice of the peace as well as by the testimony of other witnesses, and also a written statement signed by her and testified by Bramlette and the two Wrights. The evidence proposed to be proved by the absent witness is the same as that above mentioned. As presented by this record, we are of opinion the court did not err in refusing to grant the continuance in the first instance, and, further, there was no error in refusing a new trial.

The charge in regard to self-defense is criticised because the jury were not expressly instructed that if there should be a "reasonable doubt" on this theory they should give appellant the benefit of the doubt. The court gave a very full and fair charge on self-defense, the only criticism urged against it is the one stated. The court fully charged reasonable doubt and presumption of innocence, which, we think, under the circumstances of this case, is sufficient.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 13, 1909.]